# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JAGHAB,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>PUBLIC STORAGE,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 12CV1217 (JLS) (MDD)<br><br>**ORDER (1) STRIKING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND (2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE**<br><br>(ECF No. 2) |

Presently before the Court is Plaintiff John Jaghab's ("Plaintiff") motion for leave to proceed *in forma pauperis* ("IFP"). (IFP Mot., ECF No. 2) All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez*, 169 F.3d at 1177 (9th Cir. 1999).

Plaintiff has filed this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*," but the form is incomplete and unsigned. (*See* IFP Mot.) Pursuant to Federal Rule of Civil Procedure 11(a), "[e]very pleading, written motion, and other

- 1 -                                                                 12cv1217

1  paper must be signed by at least one attorney of record in the attorney's name—or by a party
2  personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the
3  omission is promptly corrected after being called to the attorney's or party's attention." On this
4  basis the Court **STRIKES** Plaintiff's Motion to Proceed IFP. Moreover, even if the motion were
5  signed, the Court is unable to determine from the incomplete information provided whether
6  Plaintiff should be granted leave to proceed IFP.

Because Plaintiff has neither prepaid the $350 filing fee required to commence a civil action nor filed an acceptable Motion to Proceed IFP, this case must be dismissed pursuant to 28 U.S.C. § 1914(a). *Rodriguez*, 169 F.3d 1176, 1177 (9th Cir. 1999).

## CONCLUSION

For the reasons set forth above, the Court hereby:

(1) **STRIKES** Plaintiff's unsigned Motion to Proceed IFP pursuant to Rule 11(a);

(2) **DISMISSES** this action sua sponte without prejudice pursuant to 28 U.S.C. §§ 1914(a) and 1915(a);

(3) **DENIES AS MOOT** Plaintiff's Motion for Appointment of Counsel (ECF No. 3); and

(4) **GRANTS** Plaintiff <u>forty-five days</u> leave from the date this Order is filed to: (a) prepay the entire $350 civil filing fee in full; or (b) file an amended Motion to Proceed IFP which is signed and fully completed.

**IT IS FURTHER ORDERED** that if Plaintiff fails to either prepay the $350 civil filing fee or complete and submit a revised Motion to Proceed IFP within that time, this action shall remain dismissed without prejudice and without further Order of the Court.

**IT IS SO ORDERED.**

DATED: July 9, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge