# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JAGHAB,<br><br>                      Plaintiff,<br>  vs.<br><br>PUBLIC STORAGE,<br><br>                      Defendant. | CASE NO. 12CV1217 (JLS) (MDD)<br><br>**ORDER (1) STRIKING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND (2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE**<br><br>(ECF No. 2) |

Presently before the Court is Plaintiff John Jaghab's ("Plaintiff") motion for leave to proceed *in forma pauperis* ("IFP"). (IFP Mot., ECF No. 2) All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez*, 169 F.3d at 1177 (9th Cir. 1999).

Plaintiff has filed this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*," but the form is incomplete and unsigned. (*See* IFP Mot.) Pursuant to Federal Rule of Civil Procedure 11(a), "[e]very pleading, written motion, and other

paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." On this basis the Court **STRIKES** Plaintiff's Motion to Proceed IFP. Moreover, even if the motion were signed, the Court is unable to determine from the incomplete information provided whether Plaintiff should be granted leave to proceed IFP.

Because Plaintiff has neither prepaid the $350 filing fee required to commence a civil action nor filed an acceptable Motion to Proceed IFP, this case must be dismissed pursuant to 28 U.S.C. § 1914(a). *Rodriguez*, 169 F.3d 1176, 1177 (9th Cir. 1999).

## CONCLUSION

For the reasons set forth above, the Court hereby:

(1) **STRIKES** Plaintiff's unsigned Motion to Proceed IFP pursuant to Rule 11(a);

(2) **DISMISSES** this action sua sponte without prejudice pursuant to 28 U.S.C. §§ 1914(a) and 1915(a);

(3) **DENIES AS MOOT** Plaintiff's Motion for Appointment of Counsel (ECF No. 3); and

(4) **GRANTS** Plaintiff <u>forty-five days</u> leave from the date this Order is filed to: (a) prepay the entire $350 civil filing fee in full; or (b) file an amended Motion to Proceed IFP which is signed and fully completed.

**IT IS FURTHER ORDERED** that if Plaintiff fails to either prepay the $350 civil filing fee or complete and submit a revised Motion to Proceed IFP within that time, this action shall remain dismissed without prejudice and without further Order of the Court.

**IT IS SO ORDERED.**

DATED: July 9, 2012

_____
Honorable Janis L. Sammartino
United States District Judge